Edward **W. WHITTEMORE, and Wilson Jones Co., Plaintiffs,**

v.

Edward **J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 833–64.**

United States District Court
District of Columbia.

July 12, 1965.

Albert M. Zalkind, Washington, D. C., I. Walton Bader, Bader & Bader, New York City, for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial on April 15, 1965. Upon due consideration of the evidence presented, together with the briefs counsel were accorded an opportunity to file, the Court has found in favor of the defendant, and will order that the Complaint be dismissed.

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

## FINDINGS OF FACT

1. This is a civil action brought pursuant to 35 U.S.C. § 145 seeking judgment of this Court authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States containing claims 4, 5 and 6 of an application Serial No. 98,424 entitled "Accounting Device" filed March 27, 1961 by Edward W. Whittemore, a plaintiff herein. Claims 4 and 5 were withdrawn by plaintiffs at the trial. No claim has been allowed.

2. The invention is described in the application as a sheet having a series of lined vertical columns for the entry of dollars and cents. Certain of the vertical columns have a different background than the other vertical columns to aid the correct entry of figures in the vertical columns. Also, a plurality of horizontal lines extend across the sheet.

3. Claim 6 reads as follows:

An accounting device comprising a base sheet having two types of backgrounds thereupon, said sheet having a plurality of adjacent series of parallel vertical columns thereupon extending from right to left and an additional column, wider than each series of parallel vertical columns, to the left of said series, each of said series having at least eight parallel vertical columns extending from right to left, the second, third, fourth, and eighth columns from the right having a different background than the other columns, and an additional series of consecutively vertically numbered spaced parallel horizontal lines extending across said vertical columns.

4. The Patent Office tribunals rejected claims 4, 5 and 6 over a U. S. patent No. 2,832,611 to Prosser, which discloses a business form having shaded vertical columns to differentiate between groups of digits of numbers printed on the form, and specifically to differentiate hundreds from thousands of dollars and from cents.

5. The accounting sheet claimed by plaintiffs is conventional except for the vertical shading of certain columns.

6. Plaintiffs provide shaded vertical columns to differentiate millions and hundreds from thousands of dollars and from cents.

7. Plaintiffs' evidence did not establish that the subject matter of plaintiffs' claims would have been unobvious to a person having ordinary skill in the art in view of the teachings of the Prosser reference.

8. The subject matter of plaintiffs' claims is merely a sheet of material having lines and shaded areas printed thereon.

## CONCLUSIONS OF LAW

1. The subject matter defined by all of plaintiffs' claims is not patentable because the differences between that subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains, 35 U.S.C. § 103.

2. Plaintiffs are not entitled to a patent containing any of plaintiffs' claims.

3. The Complaint should be dismissed.